UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOBBIE ROSA,

    Plaintiff,

vs.                                  CASE NO.: 6:14-cv-424-orl-18DAB

CREDIT ONE BANK, N.A.

    Defendant.
_____/

## COMPLAINT

Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2.    The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

3.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida

4.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

5.    Plaintiff is an "alleged debtor."

6.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

7.     Defendant, CREDIT ONE BANK, is a corporation that was formed in 1984 with its principal place of business at 585 Pilot Road, Las Vegas, NV 89119 and conducting business in the state of Florida.

8.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

9.     CREDIT ONE BANK called the Plaintiff approximately 250 times since April 2013, in an attempt to collect a debt, which Plaintiff did not owe.

10.    CREDIT ONE BANK attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

11.    CREDIT ONE BANK intentionally harassed and abused Plaintiff on numerous occasions by calling several times during the day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

12.    On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

13.    Each call CREDIT ONE BANK made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14.    Each call CREDIT ONE BANK made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15.    CREDIT ONE BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

16.    CREDIT ONE BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular

2

telephone in this case, with no way for the consumer, or CREDIT ONE BANK, to remove the incorrect number.

17.   CREDIT ONE BANK's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CREDIT ONE BANK that they are the wrong party.

18.   CREDIT ONE BANK's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

19.   CREDIT ONE BANK has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

20.   Plaintiff did not expressly consent to CREDIT ONE BANK's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CREDIT ONE BANK's placement of the calls.

21.   In or about the beginning of April 2013, Plaintiff began receiving calls to her cellular telephone, (386) 215-3917, from the Defendant in which they asked for "Pearl". She advised the Defendant that she was not "Pearl".

22.   Defendant began calling Plaintiff again, using a different telephone number.

23.   Upon information and belief, Plaintiff received five to ten calls a day and answered one to three of those calls in an effort to inform the Defendant of their mistake.

24.   Plaintiff advised Defendant that her mother had recently died and that to please stop calling her because they had the wrong number and the constant calls were harassing.

25.   The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular

telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

27. Defendant continued to call the Plaintiff approximately five to ten times each day per their corporate policy, from April 2013 through November 2013.

28. Upon information and belief, Plaintiff received approximately 250 calls in total from the Defendant.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

30. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

31. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34. Defendant has received complaints from other non-borrowers regarding its unwillingness to cease calls to incorrect parties.

35. Defendant has received complaints from other consumers regarding its calls to cellular telephones without consent or after requests for calls to stop.

4

36. Defendant is aware of numerous complaints made to regulatory authorities regarding its telephone practices.

37. None of CREDIT ONE BANK's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. CREDIT ONE BANK willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff incorporates Paragraphs one through thirty-eight.

40. CREDIT ONE BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

41. Plaintiff incorporates Paragraphs one through thirty-eight.

42. At all times relevant to this action CREDIT ONE BANK is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

43. CREDIT ONE BANK has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her or his family.

44. CREDIT ONE BANK has violated Florida Statute §559.72(7) by willfully engaging in conduct, which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45. CREDIT ONE BANK has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

46. CREDIT ONE BANK's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
WPHPleadings@forthepeople.com
nsauer@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff